UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Mary Ann R. Landers**

    v.                                        Case No. 04-cv-11-PB

**Edwin Kelly, Jeffrey Smith,**
**Heidi Boyack, and Wilda Elliott**


MEMORANDUM AND ORDER

    Plaintiff Mary Ann R. Landers, a former employee of the New Hampshire Administrative Office of the Courts ("AOC"), Family Division, suffers from Parkinson's disease. She alleges that defendants discriminated against her in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.[1] Defendants have filed a motion for summary judgment arguing that Landers does not have a viable claim under the ADA because she could not have performed her job even with

---

[1] Defendant Edwin Kelly is a Family Division judge. Defendant Jeffrey Smith is the manager of operations for the AOC. Defendant Heidi Boyack is the Family Division administrator. Defendant Wilda Elliott was formerly the Family Division coordinator.

reasonable accommodation.[2]  For the reasons set forth below, I grant defendants' motion.

## I.   FACTUAL BACKGROUND[3]

Landers began working for the AOC in 1991.  In 1996, she was assigned to the Family Division in Salem, where she worked as a Court Assistant II.  Affidavit of Jeffrey Smith ("Smith Aff.") ¶ 3.  As a Court Assistant II, Landers' duties included answering phones, communicating with litigants and members of the public, maintaining court files, scheduling court hearings, and bookkeeping.  Affidavit of Linda Fredricks ("Fredricks Aff.") ¶ 3.  The job of a Court Assistant II is demanding and fast-paced. Id.  Landers' supervisors were Linda Fredricks and Wilda Elliott. Affidavit of Wilda Elliott ("Elliott Aff.") ¶ 2.

In 2001, Landers was diagnosed with Parkinson's disease. Am. Compl. at 2.  Her job performance suffered as a result of her

---

[2]  This is defendants' second motion for summary judgment. I denied their first motion (Doc. No. 25) without prejudice because it did not provide an adequate statement of facts under Local Rule 7.2.  I instructed both parties to file new summary judgment pleadings in compliance with Local Rule 7.2.  See Jan. 3, 2006 Order (Doc. No. 27).

[3]  I describe the facts in the light most favorable to Landers, the nonmovant.

illness.  Fredricks Aff. ¶ 4.  She experienced difficulty with concentration and memory and the pace with which she was able to complete tasks slowed considerably.  Id.  During the afternoons, she often needed to lie down and rest for as long as two hours. Id. ¶ 5.  She also struggled to learn the Family Division's new computer system.  Elliott Aff. ¶ 4.  Fredricks and Elliott received complaints from judges and attorneys about Landers' inability to complete her job tasks satisfactorily.  Id. ¶ 6; Fredricks Aff. ¶ 7.

    At some point after Landers was diagnosed with Parkinson's disease, she met with Elliott and Heidi Boyack to discuss her job performance.  Elliott Aff. ¶ 8.  Landers told Elliott and Boyack that she was beginning a new course of treatment and expected her symptoms to improve.  Id.  By February 2003, Landers' performance had not improved, and Elliott and Boyack met with her again. Id.; Am. Compl. at 2.  On March 1, 2003, Landers applied for disability retirement, allegedly because Elliott and Boyack told her that she would be subject to termination if she did not do so.  Am. Compl. at 3; Smith Aff. ¶ 6.  Landers' application for disability retirement was granted and she retired in July 2003. Smith Aff. ¶ 6.

Landers alleges that defendants violated the ADA by instructing her to seek disability retirement rather than face termination.  She seeks reinstatement to her former position.

## II.  **STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, I construe the evidence in the light most favorable to the adverse party.  Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

The party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Under our Local Rules, the moving party complies with this responsibility by filing a brief statement of facts "as to which the moving party contends there is no genuine issue to be tried."  Local Rule 7.2(b)(1).  Once the moving party has met

its burden, the adverse party "must produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted."  Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996).  Accordingly, the adverse party must produce its own brief statement of the facts alleged to be in dispute.  Local Rule 7.2(b)(2).  "All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party."  Id.  The parties' respective statements of facts must be "supported by appropriate record citations."  Id. 7.2(b)(1)-(2).

### III.  ANALYSIS

"Under the ADA, 'an employer who knows of a disability yet fails to make reasonable accommodations violates the statute.'"  Rocafort v. IBM Corp., 334 F.3d 115, 119 (1st Cir. 2003) (quoting Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 264 (1st Cir. 1999)).  In order for her claim to survive summary judgment, Landers must show (1) that she has a disability; (2) that she was able to perform her essential job functions with or

without a reasonable accommodation; and (3) that her employer knew about her disability and failed to reasonably accommodate it.  Id.  Defendants do not dispute that Landers has a disability.  Instead, they contend that Landers' symptoms were so severe that no reasonable accommodation would have allowed her to perform her essential job functions.

Landers has failed to offer a satisfactory response to the defendants' summary judgment argument.  Defendants have presented substantial evidence to support their contention that Landers was unable to perform her essential job functions even though she was permitted to take periodic rest breaks during the workday.  Landers has countered with only general denials and an incorrect contention that defendants' evidence is inadmissible hearsay.  Even now, she has failed to identify an acceptable accommodation that would have allowed her to perform her essential job functions.  Because the record simply does not support Landers' claim that she was capable of performing her job in spite of her disability, I have no choice other than to grant defendants' motion for summary judgment.

I applaud Landers' desire to continue to work despite her illness.  Unfortunately, defendants' submissions make clear that

she was unable to meet the particular challenges of employment at the Family Division.  Defendants' motion for summary judgment is granted.

### IV.  CONCLUSION

For the reasons described above, I grant defendants' motion for summary judgment (Doc. No. 28).  The clerk is instructed to enter judgment accordingly.

SO ORDERED.

                                    /s/Paul Barbadoro
                                    Paul Barbadoro
                                    United States District Judge

April 14, 2006

cc:   Mary Ann R. Landers, pro se
      Daniel J. Mullen